Dear Mr. Percy:
We received your request for an opinion regarding the use of inmate labor in the construction and/or maintenance of restrooms in a public park located in Ascension Parish. This project is a cooperative undertaking by the Ascension Parish School Board, the City of Donaldsonville, and Ascension Parish. The Ascension Parish Sheriff's Office, on whose behalf the opinion request is written, would like to contribute to the project by providing inmate labor. You question if the sheriff's office may do so. You also question if the sheriff's office may contribute funds to this project.
La.R.S. 15:708 provides that a prisoner sentenced to a parish prison of any parish in the state or a prisoner in a parish prison awaiting transfer to a state correctional facility may perform manual labor upon any public road, levee, street, or building, works or improvements provided that the prisoner voluntarily agrees to do so. Thus, in response to your first inquiry, this statute authorizes the use of volunteer inmate labor to perform manual labor upon public works or improvements. See Op. Atty. Gen. 89-535 and 88-489. It is our opinion that volunteer inmate labor may be used on this project in Ascension Parish.
Your second inquiry must be addressed in light of Article 7, Section 14 of the Louisiana Constitution of 1974. Generally, the funds, credit, property, or things of value of the state or any political subdivision thereof cannot be loaned, pledged, or donated to or for any person, association, or corporation. However, Article 7, Section 14(C) specifically provides that the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other. A cooperative endeavor, to be constitutionally valid, must meet a three-part test. First, the public agency must have a legal obligation to expend the public funds at issue. Second, the expenditure must be for a public purpose.
Third, the expenditure must create a public benefit proportionate to its cost. See Op. Atty. Gen. 97-457.
La.R.S. 33:1324 provides that any parish, municipality or political subdivision of the state, or any combination thereof, may agree between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement. The agreement may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purpose of the agreement.
La.R.S. 33:1422, which addresses the expenditures to be made from a sheriff's salary fund, provides that the sheriff shall
pay, from the salary fund, an amount necessary to promote youth or elder service programs. The amount, however, pursuant to the statute, cannot exceed 10% of the sheriff's annual revenues nor can the amount spent create a deficit in the fund.
Accordingly, there is statutory authority for the cooperative undertaking by the Ascension Parish School Board, the City of Donaldsonville, Ascension Parish, and the Ascension Parish Sheriff's Office. La.R.S. 33:1422 creates an obligation, through the mandatory language used in the statute, of the Sherrif to promote youth or elder service programs. Thus, the first part of the test for a valid cooperative endeavor is met. The Sherrif is legally obligated to promote youth or elder service programs. Although the statute does not define youth or elder service programs, it is our opinion that a park or recreational facility will serve the youth in the community. The expenditure is for a public purpose. Lastly, there is no doubt that this expenditure will create a public benefit proportionate to its cost. A public park can be used by all of the community and more specifically, the youth of the community. Therefore, it is our opinion that the use of funds, pursuant to a cooperative endeavor agreement between the Ascension Parish School Board, the City of Donaldsonville, Ascension Parish, and the Ascension Parish Sheriff's Office, for use on the project outlined in your request withstands the three-part test discussed above and is constitutionally sound.
If you have any questions or comments, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv